UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SAMANTHA L. ALBIEZ

      Plaintiff,

vs.                                            Case No.

BENJAMIN KAMINSKI, in his individual capacity
and

UNIVERSITY OF WISCONSIN PARKSIDE,

      Defendants.

## COMPLAINT

Plaintiff Samantha Albiez, by her attorneys, Lawton & Cates, S.C., makes the following complaint against defendants Benjamin Kaminski and University of Wisconsin Parkside:

### JURISDICTION AND VENUE

1.     Jurisdiction is present under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants reside in Oconomowoc and Kenosha, Wisconsin and the events giving rise to the claim occurred in Kenosha, Wisconsin.

### PARTIES

3.     Plaintiff Samantha Albiez is an adult resident of the State of Indiana and resides in South Bend Indiana. At the time of the incidents described in this complaint, plaintiff was attending the University of Wisconsin Parkside, and residing in Kenosha, Wisconsin.

4.      Defendant Benjamin Kaminski is an adult resident of the State of Wisconsin, and resides at W338 N6583 Stonefield Way, Oconomowoc, Wisconsin 53066.  At all times relevant here, he was a resident assistant at the University of Wisconsin Parkside and was assigned to the dormitory where plaintiff resided.

5.      Defendant University of Wisconsin Parkside is an "educational institution" as defined in 20 U.S.C. § 1681(c) and an education program receiving Federal financial assistance. The agent for service of process upon Defendant University of Wisconsin-Parkside is Chancellor Deborah L. Ford, whose office is located at 900 Wood Road, Kenosha, Wisconsin 53141.

## FACTS

6.      Plaintiff was a student at the University of Wisconsin Parkside at the time of the incidents alleged in the complaint.

7.      Defendant Kaminski was a resident advisor at the University of Wisconsin Parkside in the dormitory where plaintiff resided.  Defendant Kaminski was plaintiff's resident advisor.

8.      As a resident advisor defendant Kaminski enjoyed a position of trust among the residents as it was his job to assist students in the transition to college life, be a resource to students with respect to social and academic issues, and to live with the students in the dormitory.

9.      The University's website lists the following information about its Resident Advisor program:

> **"Resident Advisor**
>
> Resident Advisors are responsible for approximately 50 students in a residence hall living unit. Resident Advisors assist and advise students with academic, social and personal concerns. More importantly, Resident Advisors plan social

2

and educational activities to assist residents in developing a community which fosters academic and social success.

**Responsibilities**

1. Attend all training sessions and weekly team meetings.
2. Assess resident's needs and provide programs to meet those needs.
3. Develop and maintain a positive community where the individual rights of all students are upheld and academic success is encouraged.
4. Complete administrative duties as assigned.

**Compensation:** Equivalent to single room and meal plan for the academic year plus a stipend at the end of each academic semester."

10. Prior to the incidents alleged in this complaint, defendant Kaminski had inappropriate sexual contact with other female students at the University of Wisconsin Parkside.

11. On February 15, 2008 plaintiff was in her dormitory doing laundry and socializing. Defendant Kaminski was in the dormitory as part of his job function as a resident assistant.

12. Defendant Kaminski approached plaintiff in the hallway and walked with her to her room.

13. Plaintiff knew that defendant Kaminski was a resident advisor and trusted him because of his position. She let him in to her room and defendant Kaminski grabbed her hair and forced himself on plaintiff.

14. On February 15, 2008 Samantha Albiez was sexually assaulted by Benjamin Kaminski in her dorm room at the University of Wisconsin Parkside.

15. After the assault, plaintiff reported the attack to her friends, who in turn reported it to another resident advisor, Bridgette Tierney. Bridgette Tierney was an employee of the University of Wisconsin Parkside. Bridgette Tierney did not report the assault to the police.

3

Bridgette Tierney did not speak with the plaintiff about the assault for over an hour from the time it was reported to her.

16. The assault was not reported to the local police department until three days later.

**TITLE IX CLAIM AGAINST UNIVERSITY OF WISCONSIN PARKSIDE**

17. Paragraphs 1-16 are re-alleged and incorporated by reference herein.

18. University of Wisconsin Parkside is a funding recipient under Title IX.

19. University of Wisconsin Parkside exercised substantial control over defendant Kaminski in so far as he was a student at the University, he was a trainer for the volleyball team and a resident advisor in the University's dormitory.

20. The sexual assault on the plaintiff was severe in that it involved physical violence, pain, humiliation, and force.

21. The University of Wisconsin Parkside was made aware of the assault within minutes of its occurrence.

22. The resident advisor, Bridgette Tierney, informed plaintiff that she would have to wait an hour to speak with her about the assault.

23. The resident advisor, Bridgette Tierney, made no effort to contact the police about the assault.

24. Once the resident advisor, Bridgette Tierney, spoke to the plaintiff, she did not follow the accepted protocol with respect to rape victims. She did not call the police, and she did not transport the plaintiff to the hospital for a rape test. Ms. Tierney did contact Eric Edwards, head resident assistant, who indicated they should call someone else.

4

25. The resident advisor, Bridgette Tierney, informed the plaintiff that the assailant had a master key to the entire dormitory, including plaintiff's room, and that plaintiff should not stay by herself that night in the event that defendant Kaminski would try anything else.

26. The dean of students was not informed of the assault until plaintiff's parents came to the University of Wisconsin Parkside to report it. The police were not contacted until three days after the assault.

27. The above actions demonstrate that the University acted with deliberate indifference to the assault on the plaintiff.

28. As a direct and proximate cause of the University's actions, plaintiff suffered humiliation, emotional trauma, had to withdraw from the University of Wisconsin Parkside, and other damages.

**CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF RIGHTS UNDER DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

29. Paragraphs 1-28 are re-alleged and incorporated by reference herein.

30. Defendant Kaminski's actions alleged in this Complaint, including, but not limited to, intentionally touching and sexually assaulting plaintiff without her consent, deprived plaintiff of her right to bodily integrity and personal security under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendant is, therefore, liable to plaintiff under 42 U.S.C. § 1983.

31. Defendant acted under color of state law when he sexually assaulted plaintiff, depriving her of her constitutional rights as set forth in paragraph 30.

32. As a direct result of defendant Kaminski's acts, plaintiff has suffered damages, including emotional trauma, mental anguish and suffering, impairment of reputation, personal humiliation, embarrassment, anxiety, medical costs, loss of academic supervision, loss of

reference and alienation both academically and socially from school activities. She has also incurred attorney fees in bringing this claim.

33. Defendant Kaminski's actions as alleged in this Complaint were taken in reckless or callous disregard of, or indifference to, plaintiff's rights to due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

## STATE LAW CLAIM AGAINST BENJAMIN KAMINSKI

### Battery

34. Paragraphs 1-33 are re-alleged and incorporated by reference herein.

35. On February 15, 2008 defendant Kaminski did, without the consent of the plaintiff commit a physical and sexual battery on the person of Samantha Albiez.

36. As a proximate result of the wrongful actions of defendant Kaminski, Samantha Albiez sustained personal injuries. She has incurred and will continue to incur medical bills and counseling bills. She has endured pain, suffering, humiliation, and will continue to suffer in the future. She has sustained a permanent injury.

37. The actions of defendant Kaminski were malicious, intentional, outrageous, and in intentional disregard of the rights of Samantha Albiez, so as to justify the imposition of punitive damages.

## STATE LAW CLAIM AGAINST THE UNIVERSITY OF WISCONSIN PARKSIDE

38. Paragraphs 1-37 are re-alleged and incorporated by reference herein.

39. Defendant University of Wisconsin Parkside had a duty to follow the accepted rules and policies with respect to handling and reporting of sexual assaults.

40. Defendant University of Wisconsin Parkside had a duty to follow its own policy with respect to the reporting of sexual assaults.

41. Defendant University of Wisconsin Parkside was negligent in but not limited to:

    a. Failing to follow the accepted policies and procedures with respect to sexual assault victims;

    b. Failing to follow its policies with respect to sexual assault victims;

    c. Other respects.

42. As a direct and proximate result of the negligence of the Defendant University of Wisconsin Parkside plaintiff suffered physical and emotional harm.

**WHEREFORE** plaintiff demands judgment for her pain, suffering and mental anguish; her past and future medical and counseling bills; punitive damages; attorney's fees and costs; and such other and further relief as the court finds just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated this 4th day of December, 2009.

    **LAWTON & CATES, S.C.**
    Attorneys for Plaintiff

By: /s/ Dixon R. Gahnz
    Dixon R. Gahnz, State Bar No. 1024367
    10 East Doty Street, Suite 400
    P.O. Box 2965
    Madison, WI 53701-2965
    Telephone: 608-282-6200
    Facsimile: 608-282-6252
    E-mail: dgahnz@lawtoncates.com