**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

SAMANTHA L. ALBIEZ,

    Plaintiff,

    v.                                                    Case No. 09-CV-1127

BENJAMIN T. KAMINSKI,
    in his individual capacity,
and

BOARD OF REGENTS, UNIVERSITY OF
WISCONSIN SYSTEM,

    Defendants.

---

## DECISION AND ORDER

---

## NATURE OF CASE

The plaintiff, Samantha L. Albiez, filed this action on December 7, 2009, alleging that defendant Benjamin T. Kaminski acted in violation of 42 U.S.C. §1983 when he sexually assaulted her in her dormitory room at the University of Wisconsin-Parkside (UW-Parkside). She also alleged a state law battery claim against defendant Kaminski. The plaintiff further alleged that the actions of UW-Parkside officials in response to her complaints about the assault amounted to deliberate indifference in violation of both §1983 and Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 et seq. The initial complaint also asserted a state law negligence claim against UW-Parkside.

The plaintiff subsequently filed a first amended complaint to clarify the identity of defendant Kaminski. This first amended complaint also listed UW-Parkside as a defendant, and on January 13, 2010, UW-Parkside moved to dismiss the complaint for failure to state a

claim, given its status as a non-suable entity. Pursuant to a stipulation between the parties, this court issued an order substituting the Board of Regents of the University of Wisconsin System (Board) for UW-Parkside and dismissing with prejudice the plaintiff's state law negligence claim against UW-Parkside. In this second amended complaint, the plaintiff claims that the Board was deliberately indifferent to the assault on her in violation of Title IX.

The plaintiff also claims in her second amended complaint that the Board violated §1983. More specifically, the plaintiff alleges that defendant Kaminski, while acting under color of state law, violated the plaintiff's due process rights under the 14th amendment when he sexually assaulted her. The plaintiff apparently asserts this claim against the Board as well, given that her §1983 claim against defendant Kaminski incorporates by reference the allegations contained in the plaintiff's Title IX claim against the Board.

The Board subsequently filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the plaintiff's Title IX claim against it, in which it stated that the plaintiff's only claim against it "sounds in Title IX." (Brief in Support of the Motion to Dismiss by Defendant Board of Regents of the University of Wisconsin System [Defendant's Brief] at 4). Thus, there appears to be some confusion between the parties regarding the number and nature of the plaintiff's claims, as her response to the Board's motion states that "the Board filed a motion to dismiss the Title IX claim against the University" but "has not moved to dismiss the 42 U.S.C. claims or the state law battery claim." (Plaintiff's Response to Motion to Dismiss by Defendant Board of Regents, University of Wisconsin System [Plaintiff's Response] at 2). In any event, however, the Board has moved to dismiss only the plaintiff's Title IX claim against it and, therefore, that is the only claim that will be addressed in this order.

- 2 -

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

The Board's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is fully briefed and will be addressed herein.

## **MOTION TO DISMISS**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

- 3 -

Case 2:09-cv-01127-PJG   Filed 06/14/10   Page 3 of 13   Document 27

defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. 1949 (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, courts should follow the principles set forth in Twombly by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A plaintiff can plead herself out of court if the factual allegations in the complaint, viewed in the light most favorable to the plaintiff, do not plausibly suggest that the plaintiff is entitled to relief. See EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

In her second amended complaint (hereinafter complaint) the plaintiff asserts that at the time of the sexual assault she was a student at UW-Parkside and defendant Kaminski was the resident advisor in her dormitory. As a resident advisor, his job was to assist students in the transition to college life and be a resource to students with respect to social and academic issues and to live with them in the dormitory. The plaintiff's complaint includes a reference to the University's web site which states that the responsibilities of a resident advisor include assisting and advising students with academic, social and personal concerns and planning social and academic activities. Their compensation is "[e]quivalent to a single room and meal plan for the academic year plus a stipend at the end of each semester." (Second Amended complaint at 3).

On February 15, 2008, the plaintiff was in her dormitory doing laundry and socializing when defendant Kaminski approached her in the hallway and walked with her to her room. He was in the dormitory as part of his job as a resident advisor. The plaintiff knew that he was a resident advisor and trusted him because of his position. The plaintiff then let defendant Kaminski into her room where he "grabbed her hair and forced himself on [her]." (Second Amended Complaint at 3). He sexually assaulted her in her dorm room.

After the sexual assault, the plaintiff reported the attack to her friends, who then reported the assault to Bridgette Tierney, another resident advisor and an employee of UW-Parkside. According to the complaint, Ms. Tierney informed the plaintiff that the plaintiff would have to wait an hour to speak with her about the assault. Once Ms. Tierney spoke to the plaintiff, she did not follow the accepted protocol with respect to rape victims. Ms. Tierney did not contact the police, nor did she transport the plaintiff to the hospital for a rape test. Ms. Tierney did report the assault to Eric Edwards, the head resident assistant, "who indicated they should call someone else." (Second Amended Complaint at 5). Ms. Tierney also told the plaintiff that defendant Kaminski had a master key to the entire dormitory, including the plaintiff's room, "and that [the] plaintiff should not stay by herself that night in the event that [defendant] Kaminski would try anything else." (Second Amended Complaint at 5). The dean of students was not informed of the assault until the plaintiff's parents traveled to UW-Parkside to report it. The police were not contacted until three days after the assault.

The plaintiff further asserts that both the Board and UW-Parkside are federal funding recipients under Title IX. She also alleges that the Board exercised substantial control over defendant Kaminski "in so far as he was a student at the University of Wisconsin-Parkside, he was a trainer for the volleyball team and a resident advisor in the University's dormitory."

(Second Amended Complaint at 4). The plaintiff further alleges that defendant Kaminski acted under color of state law when he sexually assaulted her.

The plaintiff further maintains that as a result of the university's actions, she had to withdraw from UW-Parkside. According to the plaintiff, defendant Kaminski's actions caused her to suffer "damages, including emotional trauma, mental anguish and suffering, impairment of reputation, personal humiliation, embarrassment, anxiety, medical costs, loss of academic supervision, loss of reference and alienation both academically and socially from school activities." (Second Amended Complaint at 6).

## **ANALYSIS**

In its initial brief in support of its motion to dismiss, the Board contended that the plaintiff is required to prove that defendant Kaminski posed a risk of sexual harassment against another student that was so great that the harassment was almost certain to materialize if nothing was done to prevent it. According to the Board, because the complaint fails to allege that "any university official knew that [defendant] Kaminski posed any risk," the plaintiff's Title IX claim must fail. (Defendant's Brief at 4). In its reply brief, the Board noted that the plaintiff was asserting that her Title IX claim arises out of the Board's deliberately indifferent response to the alleged sexual harassment. That Board states that the plaintiff has alleged only a single incident of student-on-student harassment that "is insufficient to establish a 'systemic effect on educational programs and activities.'" (Defendant's Reply Brief in Support of the Motion to Dismiss by the Defendant Board of Regents [Defendant's Reply Brief] at 4 [quoting Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 652-53 [1999]). Accordingly, the Board asserts that this incident was not sufficiently severe to have effectively denied the plaintiff access to an education at UW-Parkside.

In response, the plaintiff maintains that as a plaintiff claiming harassment, she need only "show the University had knowledge of the harassment." (Plaintiff's Response at 6). She further asserts that her "complaint alleges in detail that the appropriate people at University of Wisconsin-Parkside had actual notice of the student on student harassment." Id. Relevant to the Board's single-incident argument, the plaintiff contends that a single incident can, in fact, give rise to a Title IX claim and that the sexual assault at issue was sufficiently severe to have deprived her of access to education. The plaintiff also contends that the facts alleged in her complaint, taken as true, establish the remaining elements of a Title IX claim against the Board.

Section 1681(a) of Title IX provides in relevant part:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

The Supreme Court has interpreted this provision to allow educational institutions receiving federal funding to be held liable, in certain situations, for episodes of both student-on-student and employee-student sexual harassment. See Davis ex rel. LaShonda D. v. Monroe County Bd. of Educ., 526 U.S. 629, 650 (1999); Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290-91 (1998). In this case, the parties do not dispute that the defendant is the recipient of federal education funding for Title IX purposes.

In addressing student-on-student harassment, the Court stated:

funding recipients are properly held liable in damages only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the educational opportunities or benefits provided by the school.

Davis, 526 U.S. at 650. In Davis, the Court considered a plaintiff's claim that she was "the victim of a prolonged pattern of sexual harassment by one of her fifth-grade classmates," which lasted for nearly six months and involved a series of sexually suggestive statements and actions by the plaintiff's classmate. Id. at 633-34. In this context, the Court stated that it was "unlikely" that a "single instance of sufficiently severe one-on-one peer harassment" could have the "systemic effect of denying the victim equal access to an educational program or activity," as is required to prove a violation of Title IX. Id. at 652-53. Notably, however, the Court in Davis was confronted only with claims of sexually suggestive statements and actions, not sexual assault.

> After examining the facts alleged by the plaintiff, the Court stated that:
>
> [p]etitioner alleges that her daughter was the victim of repeated acts of sexual harassment by [her classmate] over a 5-month period, and there are allegations in support of the conclusion that [the classmate's] misconduct was severe, pervasive, and objectively offensive. . . . Further, petitioner contends that the harassment had a concrete, negative effect on her daughter's ability to receive an education. The complaint also suggests that petitioner may be able to show both actual knowledge and deliberate indifference on the part of the [School] Board, which made no effort whatsoever either to investigate or to put an end to the harassment.

Id. at 653-54. Based on these allegations, the Court concluded that the plaintiff had properly pled a Title IX violation based on the school officials' indifference to student-on-student harassment and remanded the case to the appeals court. Id. at 654.

Following Davis, courts considering Title IX claims based on student-on-student harassment must determine whether the entity accused of violating Title IX is a recipient of federal funding. See Davis, 526 U.S. at 638-39. Courts then must examine the harassing conduct at issue, "to determine whether it is 'so severe, pervasive, and objectively offensive' that it has a 'concrete, negative effect' on the victim's access to education." Id. at 650. In

addition, courts must determine whether school officials had actual – not constructive – knowledge of the sexual harassment. Id.; Gabrielle M., 315 F.3d at 823. To satisfy this "actual knowledge" requirement, a plaintiff must show that an "appropriate person" had actual knowledge of the harassment, meaning "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998). Courts then need to examine the school officials' response to the student-on-student harassment to determine whether "the recipient's response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances" and, therefore, deliberately indifferent. Davis, 526 U.S. at 648; see also, Gabrielle M., 315 F.3d at 824. If a plaintiff fails to allege sufficient facts regarding any of these elements, he or she cannot survive a motion to dismiss. See Davis, 526 U.S. at 633, 653-54. In Gebser, a case involving employee-student harassment, the Court held that:

> a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond.
> We think, moreover, that the response must amount to deliberate indifference to discrimination.

524 U.S. at 290; see also, Hansen v. Bd. of Trustees of Hamilton SE Sch. Corp., 551 F.3d 599, 605 (7th Cir. 2008) ("[A] school district is subject to a private damages action only where it is deliberately indifferent to known acts of discrimination or harassment." [emphasis omitted]). The alleged discrimination must be "'so pervasive or severe that it altered the conditions of [the] plaintiff's education.'" Doe 20 v. Bd. of Educ. of Community Unit Sch. Dist.,

- 9 -

680 F. Supp. 2d 957, 970 (C.D. Ill. 2010) (quoting Mary M. v. N. Lawrence Community Sch. Corp., 131 F.3d 1220, 1228 [7th Cir. 1997]).

It is not clear from the complaint whether the plaintiff considers defendant Kaminski's sexual assault to be student-on-student or employee-student harassment.  However, given that defendant Kaminski was both a student and an employee at UW-Parkside, the court will analyze the plaintiff's claims under the law governing both student-on-student and employee-student harassment.  With respect to both types of harassment, the plaintiff has satisfied her initial burden of showing that the accused entities – UW-Parkside and the Board – were recipients of federal funding, bringing them within Title IX's purview.

Regarding student-on-student harassment, the harassing conduct in this case is a single sexual assault of the plaintiff by her resident advisor, defendant Kaminski, in her dorm room at UW-Parkside.  Although the plaintiff has alleged only a single instance of sexual harassment in the form of sexual assault, even one incidence of such conduct is sufficiently "severe, pervasive, and objectively offensive that it can be said to deprive the [victim] of access to the educational opportunities or benefits provided by the school."  Davis, 526 U.S. at 650; see also Gabrielle M., 315 F.3d at 821 (requiring proof of a "concrete, negative effect on the victim's access to education") (internal quotation marks omitted).  Indeed, the plaintiff alleged such deprivation, stating that she ultimately withdrew from UW-Parkside following the events alleged in the complaint.  Thus, the court finds that the plaintiff has alleged sufficient facts, taken as true, to show that the harassing conduct at issue was sufficiently severe, pervasive, and objectively offensive to effectively deprive her of equal access to an educational opportunity or benefit, as required by Davis.

As for the next inquiry – whether the proper school officials had actual notice of the harassment – the plaintiff has alleged that a second resident advisor, the head resident assistant, and the dean of students were all made aware of defendant Kaminski's sexual assault. Although it is not clear whether the second resident advisor and the head resident assistant were "official[s] of the recipient entity [UW-Parkside] with authority to take corrective action to end the discrimination," it appears that the dean of students may be such an "appropriate person." Gebser, 524 U.S. at 290. The complaint does not clearly indicate when the dean received actual notice of the assault. Nonetheless, the court is satisfied that, when construed in the light most favorable to the plaintiff, the facts alleged in the complaint are sufficient to support the plaintiff's claim that at least one "appropriate" school official under Title IX had actual notice of the harassment.

Regarding the final inquiry – whether the school officials' response to the harassment was deliberately indifferent – the plaintiff has alleged that she was told to wait an hour before speaking with the second resident advisor about the incident. She also alleges that when the head resident assistant was advised of the assault, he told Ms. Tierney to "call someone else" to report it. (Second Amended Complaint at 5). The plaintiff further alleges that Ms. Tierney, a resident advisor, told her that defendant Kaminski had a master key to the dormitory and, therefore, to her room, "and that [she] should not stay by herself that night in the event that [defendant] Kaminski would try anything else." Id. In addition, the plaintiff alleges that the local police were not contacted regarding the assault until three days after it occurred. Accepting the allegations in the complaint as true, the plaintiff has sufficiently alleged that the actions or inactions of the school officials regarding the alleged sexual assault amounted to

- 11 -

deliberately indifference. Thus, the complaint states a plausible claim of student-on-student harassment.

As for employee-student harassment, the plaintiff must allege facts sufficient to show that the Board was "deliberately indifferent to known acts of discrimination or harassment" by defendant Kaminski. Hansen, 551 F.3d at 605. The facts alleged in this case show that a second resident advisor, the head resident advisor, and the dean of students were all informed of defendant Kaminski's sexual assault of the plaintiff. At least one, if not all of these school officials had the authority to address defendant Kaminski's conduct and to "institute corrective measures" on the plaintiff's behalf, yet failed to do so. Gebser, 524 U.S. at 290. These facts, taken as true, may constitute deliberate indifference.

The plaintiff also must allege that the discrimination was sufficiently pervasive or severe so as to alter the conditions of her education. Doe 20, 680 F. Supp. 2d at 970. The court has determined that the complaint alleges sufficient factual matter, accepted as true, that defendant Kaminski's alleged harassment was pervasive and severe enough to alter the conditions of the plaintiff's education. The plaintiff alleges that, as a result of the alleged assault, she withdrew from UW-Parkside. Taken the allegations in the complaint as true and drawing all reasonable inferences therefrom, the complaint states a claim of employee-student harassment that is plausible on its fact.

In sum, the plaintiff has pled sufficient facts, which must be taken as true at this stage in the proceedings, that the sexual harassment at issue was severe and pervasive enough to both alter the conditions of her education and deprive her entirely of access to an educational opportunity or benefit. She has also pled sufficient facts to suggest that the Board had actual knowledge of the sexual harassment and was deliberately indifferent to it. Therefore, the

plaintiff's complaint states a plausible claim, in both the student-on-student and employee-student contexts, against the Board for deliberate indifference to known harassment in violation of Title IX. Therefore, the Board's motion to dismiss the complaint for failure to state a claim will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant Board of Regents, University of Wisconsin System's motion to dismiss be and hereby is **denied**. (Docket #15).

Dated at Milwaukee, Wisconsin this 14th day of June, 2010.

> BY THE COURT:
>
> s/ Patricia J. Gorence
> PATRICIA J. GORENCE
> United States Magistrate Judge

O:\CIV\Albiez mot to dismiss.wpd - 13 -

Case 2:09-cv-01127-PJG   Filed 06/14/10   Page 13 of 13   Document 27